UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDGAR MONTERO VIVOS,<br><br>　　　　　　　Petitioner,<br>　v.<br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　Respondents. | Case No. 2:21-cv-00672-RFB-EJY<br><br>ORDER |

　　　　Edgar Montero Vivos has filed a habeas corpus petition under 28 U.S.C. § 2241 challenging his continued detention by U.S. Immigration and Customs Enforcement pending enforcement of his final removal order (ECF No. 1).

　　　　On initial review of the petition, it is unclear whether Montero has exhausted his administrative remedies. Therefore, the court directs him to show cause why the petition should not be dismissed without prejudice for failure to exhaust administrative remedies.

　　　　The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., provides a "complex statutory framework of detention authority," codified at 8 U.S.C. §§ 1226 and 1231. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Where a non-citizen falls within the statutory scheme "can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Id. In general, § 1226(a) governs detention during the pendency of a non-citizen's removal proceedings, and § 1231(a)(6) governs detention following the issuance of a final removal order.

　　　　The Ninth Circuit has held that that the government may not detain a non-citizen "for a prolonged period without providing him a neutral forum in which to contest the

necessity of his continued detention." Casas-Castrillon v. DHS, 535 F.3d 942, 949 (9th Cir. 2008) (establishing so-called "Casas hearings"). In a Casas hearing, the government bears the burden of establishing that continued detention is warranted by clear and convincing evidence. See Singh v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011). The Ninth Circuit extended Casas-Castrillon to detainees with final removal orders in Diouf v. Napolitano (Diouf II), 634 F.3d 1081 (9th Cir. 2011), holding that prolonged detention under § 1231(a)(6) is prohibited without an individualized hearing to determine whether the person is a flight risk or a danger to the community. Because prolonged detention without a hearing presents serious due process concerns, and the statute did not plainly authorize such detention, the court construed § 1231(a)(6) to require a custody hearing before an immigration judge where detention has lasted six months.[1] Diouf II, 634 F.3d at 1086. The Ninth Circuit recently reaffirmed that, under § 1231(a)(6), the government is required to show by clear and convincing evidence that detention is necessary to prevent flight and danger. Flores Tejada v. Godfrey, 954 F.3d 1245, 1249 (9th Cir. 2020).

In Jennings v. Rodriguez, 138 S.Ct. 830 (2018), the U.S. Supreme Court did not abrogate the Ninth Circuit's ruling in Diouf II. See Aleman Gonzalez v. Barr, 955 F.3d 762, 766 (9th Cir. 2020) (holding that Diouf II was not clearly irreconcilable" with Jennings, thus, Diouf II remains binding precedent); Ramos v. Sessions ("Ramos II"), 293 F. Supp. 3d 1021, 1026–27 (N.D. Cal. 2018) ("Jennings . . . left untouched the Ninth Circuit's requirement of such hearings for immigrants detained under section 1231(a)(6)."). The

---

[1] Immigration regulations indicate that an IJ loses jurisdiction to redetermine bond when an order of removal becomes administratively final. See 8 C.F.R. § 1236.1(d). However, the Ninth Circuit confirmed in Diouf II that immigration judges have jurisdiction to conduct bond hearings when a § 1231(a)(6) detainee has been detained for over six months. Diouf II, 634 F.3d at 1091 ("The regulations do not afford adequate procedural safeguards because they do not provide for an in-person hearing, they place the burden on the alien rather than the government and they do not provide for a decision by a neutral arbiter such as an immigration judge.") (citing Casas-Castrillon, 535 F.3d at 951–52; see also Zadvydas v. Davis, 533 U.S. 678, 692 (2001) (holding that indefinite detention under § 1231(a)(6) raised serious constitutional concerns, in part because "the sole procedural protections available to the alien are found in administrative proceedings, where the alien bears the burden of proving he is not dangerous").

question of whether § 1231(a)(6) can be construed to require a custody hearing over prolonged detention was not before the Court in Jennings. Moreover, citing its prior decision in Zadvydas v. Davis, 533 U.S. 678 (2001), the Jennings Court underlined that, in contrast to the other general immigration detention statutes, § 1231(a)(6) may be construed to limit prolonged detention, 138 S.Ct. at 843–44, just as the Ninth Circuit did in Diouf II. Thus, individuals subject to prolonged detention under § 1231(a)(6) in the Ninth Circuit should continue to receive custody hearings.

If noncitizens who are held in custody under 8 U.S.C. §§ 1226(a) or 1231(a)(6) – the provision that appears to be at issue in this case – are dissatisfied with the Immigration Judge's (IJ) bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] (BIA)." Prieto–Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008). If they remain dissatisfied, they may file a petition for habeas corpus in the district court. See, e.g., Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (petitioner "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"); Alvarado v. Holder, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (issue exhaustion is a jurisdictional requirement); Sola v. Holder, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (declining to address a due process argument that was not raised below, which could have been addressed by the agency); Singh v. Holder, 638 F.3d 1196, 1200–03 (9th Cir. 2011); Tijani v. Holder, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

Here, Montero states that he has been in ICE custody since about November 3, 2020. He states on the face of his petition, without elaboration, that he "has exhausted his administrative remedies to the extent required by law" (ECF No. 1, p. 4). The court

3

also notes that Montero indicates in his petition that he was scheduled for a review of his custody status before ICE on April 15, 2021. Accordingly, the court directs Montero to show cause and demonstrate any proof he may have that the petition is not subject to dismissal without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that within **30 days** of the date of this order, **petitioner must file** a written "Response to Order to Show Cause," showing cause why this habeas action should not be dismissed without prejudice based on a failure to exhaust administrative remedies.  Any assertions of fact Montero makes in response to this show-cause order must be detailed, specific as to time and place, and supported by competent evidence.  The court will not consider any assertions of fact that are not specific as to time and place, based upon personal knowledge, and/or supported by competent evidence filed in the federal record.  Montero must therefore attach copies of all materials upon which the response relies, such as any decisions issued by the immigration court and/or Board of Immigration Appeals.  Unsupported factual assertions will be disregarded.

**IT IS FURTHER ORDERED** that petitioner is advised that failure to respond to this order may result in the dismissal of the petition without prejudice.

DATED: 15 June 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

4